IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DAVID MARTIN PRICE,**

                Petitioner,

      v.                          CASE NO. 09-3190-WEB

**STATE OF KANSAS, ex rel.
STEVEN SIX, Attorney General,**

                Respondent.

**MEMORANDUM AND ORDER**

This matter is a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254.  Petitioner proceeds pro se and submitted the filing fee.

**Background**

Petitioner is incarcerated in the Shawnee County Jail, Topeka, Kansas, pursuant to the judgment of the Kansas Supreme Court, which found him in indirect contempt for failing to cease the unauthorized practice of law.

On August 5, 2009, petitioner filed a petition for habeas corpus in this court pursuant to 28 U.S.C. § 2254.[1]  Following receipt of respondents' Answer and Return and petitioner's traverse, the Honorable Carlos Murguia of this court denied relief in a Memorandum and Order entered on August 18, 2009.  Judge Murguia held

---

[1] Case No. 09-3172-CM.

that because the regulation of the practice of law is a matter of state law, petitioner's challenge to the determination of the Kansas Supreme Court concerning his activities as an advocate was not cognizable in habeas corpus. Judge Murguia also held that petitioner had been afforded due process in the proceedings held in the Kansas Supreme Court. To date, petitioner has not appealed that ruling.[2]

Petitioner filed the present petition on September 8, 2009.

### Discussion

This matter is a successive petition for habeas corpus. Pursuant to 28 U.S.C. § 2244(b)(1), a petitioner must obtain authorization from the circuit court of appeals before such a petition may be filed in the district court. *See Moore v. Schoeman*, 288 F.3d 1231, 1236 (10th Cir. 2002).

The Tenth Circuit Court of Appeals has held that "[w]hen a second or successive § 2254 ... claim is filed in the district court without the required authorization ... the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). The Court of Appeals stated, "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to

---

[2]A copy of that unpublished order is attached.

transfer the matter to this court for authorization." *Id*. at 1252 (citing *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999)).

Petitioner does not present any ground for relief that was not available at the time of his earlier petition, nor does he present any new claim that appears to be meritorious.  Rather, petitioner continues to attack the ruling of the Kansas Supreme Court regarding his activities as an advocate.  That argument was squarely rejected in petitioner's earlier habeas corpus action.  Having considered the petition, the court concludes it would not be in the interest of justice to transfer this matter to the court of appeals.

IT IS, THEREFORE, BY THE COURT ORDERED the petition for habeas corpus is dismissed for lack of jurisdiction.

A copy of this order shall be transmitted to the petitioner.

**IT IS SO ORDERED**.

DATED:  This 11th day of September, 2009, at Wichita, Kansas.

  s/ Wesley E. Brown  
WESLEY E. BROWN  
United States District Court Judge
